UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK D. WILSON,
on behalf of the Estate of Miles J. Furstenau,

      Plaintiff,

      v.                        Case No. 23-C-1422

ADAM OLDENBURG and
TOPPERS PIZZA, LLC,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Derrick D. Wilson, who is currently incarcerated at Racine County Jail and proceeding *pro se* on behalf of the Estate of Miles J. Furstenau, filed a complaint under 42 U.S.C. § 1983, alleging a violation of civil rights. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and motion for referral to court-appointed or pro bono counsel, and to screen the complaint. Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), which has been assessed, and he has paid an initial partial filing fee of $13.97. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Plaintiff is suing on behalf of the Estate of his son, Miles J. Furstenau, who he claims died as a result of a drug overdose at his place of employment, a pizza restaurant called Toppers Pizza, LLC, allegedly owned by Adam Oldenburg. Plaintiff alleges that his son obtained the drugs on which he overdosed in the course of his employment and as a result of the negligence of Oldenburg and Toppers Pizza. Whether Plaintiff has standing to sue on behalf of his deceased son or his estate is a matter of state law, Fed. R. Civ. P. 17(b)(1), but it makes no difference here because the complaint fails to state a claim over which this court would have jurisdiction.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Here, Plaintiff has not alleged that either Defendant acted under color of state law. Neither Oldenburg nor Toppers Pizza are state actors.

2

Although he filed his complaint using a form for violation of a prisoner's civil rights, he only references Wisconsin statutes and common law to assert state law claims. Although jurisdiction exists in cases where the parties are citizens of different states, 28 U.S.C. § 1332, it appears that all parties are citizens of the State of Wisconsin. It thus follows that to the extent that Plaintiff wishes to proceed with state law claims of negligence, wrongful death, and failure to furnish a safe employment place, he must pursue those claims in state court. There is no federal jurisdiction. And because it appears clear that Plaintiff will be unable to state a federal claim, no leave to amend will be granted. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the court need not provide an opportunity to amend when amendment would be futile).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. Plaintiff's motion for referral to court-appointed or pro bono counsel (Dkt. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that any state claim asserted is dismissed without prejudice, but his federal action is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$336.03** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this  21st  day of December, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.